IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:23-CR-96-TAV-JEM |
| MARTELL GARCIA GRADY | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Martell Grady's Motion to Continue and to Reset Deadlines [Doc. 23], filed on October 24, 2023.

Defendant Grady asks the Court to continue the November 28, 2023 trial date and reset the deadlines in this case. In support of his motion, Defendant states that the Government provided discovery that comprised over thirty-seven gigabytes of data, including written materials, photographs, and lengthy recordings [Doc. 23 p. 1]. Defense counsel requires additional time to review the discovery provided and discuss the data with Defendant, which defense counsel asserts is "complicated by" Defendant being detained pending trial in Laurel County, Kentucky [*Id.*]. According to Defendant, a continuance would "allow the necessary time for counsel to be adequately prepared for trial and . . . protect [Defendant's] right to effective assistance of counsel" and would "permit the parties to engage in settlement negotiations" [*Id.*]. Finally, Defendant represents that the Government does not oppose the motion [*Id.*].

Based upon the parties' positions and the information in the record, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered

the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant Grady the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Grady needs additional time to review discovery, consult with Defendant, engage in plea negotiations, and prepare for trial if negotiations are not fruitful. All of this cannot be done by the November 28, 2023 trial date.

The Court therefore **GRANTS** Defendant Grady's Motion to Continue and to Reset Deadlines [**Doc. 23**]. The trial of this case is reset to **February 6, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on October 24, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Grady's Motion to Continue and to Reset Deadlines [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 6, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 24, 2023**, and the new trial date of **February 6, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **November 16, 2023**, and responses to motions are due on or before **November 30, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 5, 2024**;

(6) the deadline for filing motions *in limine* is **January 22, 2024**;

2

Case 3:23-cr-00096-TAV-JEM   Document 24   Filed 10/26/23   Page 2 of 3   PageID #: 58

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 23, 2024, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 29, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge